IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ahumada, | § | |
| | § | |
|     Appellee/Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-70 |
| | § | |
| Fleming, | § | |
| | § | |
|     Appellant/Defendant. | § | |

## ORDER

BE IT REMEMBERED that on October 17, 2000, the Court **DENIED** the Appellee's Motion to Dismiss Appeal of Remand Order [Dkt. No. 3], Amended Motion to Dismiss Appeal of Remand Order [Dkt. No. 7], and Supplemental Motion to Dismiss Appeal of Remand Order [Dkt. No. 10].

A district court has jurisdiction to hear bankruptcy appeals pursuant to 28 U.S.C. § 158(a), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from interlocutory orders and decrees, of bankruptcy judges." While a bankruptcy court's decision to remand a case on equitable grounds is not reviewable by a federal court of appeals due to 28 U.S.C. § 1452(b), the decision is reviewable by a district court.[1]  Several cases have held that while § 1452(b) "does not specifically address appellate review by the district court, it is clear from the legislative history that Congress intended to give the district court jurisdiction to review remand and abstention decisions

---

[1] Title 28, United States Code, Section 1452(b) states that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

1

of the bankruptcy courts." In re Borelli, 132 B.R. 648, 649 (N.D.Cal.1991).  See also In re Sun Drilling Products Corp., 2000 WL 461687, *2 (E.D.La. 2000); Traylor v. First Family Financial Services, 192 B.R. 255, 256-57 (M.D.Ala. 1995); Scherer v. Carroll, 150 B.R. 549, 552 (D.Vt. 1993); In re Clark, 127 B.R. 351, 352-53 (W.D. N.C. 1991).  The Advisory Committee Notes to Bankruptcy Rule 9027(d), the rule that governs remand from a bankruptcy court, reinforce this conclusion.  They state that Bankruptcy Rule 9027(d) was amended to clarify that it "allows an appeal to the district court of a bankruptcy court's order determining a motion for remand."

The Appellee has argued that this Court does not have jurisdiction because the Clerk of the Bankruptcy Court mailed a certified copy of the Order of Remand to the clerk of the State Court and the Appellant has not stayed the Order of Remand [Dkt. No. 10].  This assertion is incorrect.  The Fifth Circuit has held that "[a]lthough this court has stated that 'the federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court,' Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984), that case involved a non-reviewable remand order. . . .  It is clear that, where an exception to non-reviewability exists, 'an appellate court has jurisdiction to review the remand order, and a district court has jurisdiction to review its own order, and vacate or reinstate that order.' In re Shell Oil Co., 631 F.2d 1156 (5th Cir. 1980); see also In re Allied-Signal, Inc., 919 F.2d 277, 281 (5th Cir. 1990)." In re Shell Oil Co., 932 F.2d 1523, 1528 (5th Cir. 1991).  See also In re Digicon Marine, Inc., 966 F.2d 158, 160-61 (5th Cir. 1992).  As explained supra, this Court does have jurisdiction to review the remand order of a bankruptcy court pursuant to 28 U.S.C. § 158(a).

Now that the Court has established that it has jurisdiction to hear this appeal, it can proceed to consider the Parties' appellate briefs and oral arguments.  Through a previous written order, the Court granted the Appellant leave to file a reply brief to the Appellee's Brief [Dkt. No. 6].  If the Appellant wishes to file a reply brief, he must do so by October 26,

2000 at 5:00 p.m.  The Court will hear oral arguments on the merits of this appeal on November 13, 2000 at 1:30 p.m.

DONE at Brownsville, Texas, this ___17___ day of October 2000.

Hilda G. Tagle
United States District Judge

3