**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

NOV 2 0 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk O. N. Aldape

| | | |
|---|---|---|
| Ahumada, | § | |
| | § | |
| Plaintiff/Appellee, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-070 |
| | § | |
| Fleming, | § | |
| | § | |
| Defendant/Appellant. | § | |

**ORDER**

BE IT REMEMBERED, that on November 20, 2000, after hearing oral arguments and reviewing the Appellant's Brief [Dkt. No. 5], the Appellee's Brief [Dkt. No. 6], and the Appellant's Reply Brief [Dkt. No. 17], the Court **AFFIRMED** the order of United States Bankruptcy Judge Manuel D. Leal remanding this case to state court [Dkt. No. 5, Exh. No. 19]. The Court finds that Judge Leal properly remanded this case to the 357th Judicial District Court of Cameron County under principles of equitable remand. The Clerk's Office is **ORDERED** to send a certified copy of this order to the clerk of the state court.

I.     **Summary of procedural history and facts**

This case arises out of a failed business relationship among the Plaintiff Pat Ahumada, Walter Zimmerman, and Harley Londrie. The events leading up to this lawsuit are complicated and date back to 1988. Therefore, the Court will not attempt to provide a full account of all the twists and turns that led to the underlying bankruptcy and the current legal malpractice lawsuit, but instead will only provide a brief overview of the most salient facts and business relationships.

The Plaintiff, Walter Zimmerman, and Harley Londrie owned and were on the Board of Directors of Gulf Seas Shrimp, Inc., a corporation formed to broker shrimp

from Mexican fishing cooperatives.   In order to obtain a loan from Texas Commerce Bank in 1988, Gulf Seas Shrimp, Inc. executed a promissory note and the Plaintiff pledged two shrimping boats, the Don Vicente Macias and the Ciclon Negro, as collateral.  These boats were owned by two corporations with the same names as the vessels which in turn were wholly-owned by the Plaintiff.

Don Vicente Macias, Inc. and Ciclon Negro, Inc. are the debtors in the underlying bankruptcy proceeding.  The corporations went into Chapter 11 bankruptcy in June of 1994 after the aforementioned promissory note owed to Texas Commerce Bank came due.  Before the promissory note came due, Texas Commerce Bank sold the note to Texas Gulf Trawlers, Inc., a corporation controlled by Walter Zimmerman and Harley Londrie.

The Plaintiff instituted this lawsuit against the Defendant Tommy Wayne Fleming because he alleges that Mr. Fleming committed legal malpractice when he represented Gulf Seas Shrimp, Inc., Texas Commerce Bank,  Walter Zimmerman, and Harley Londrie, in various transactions despite conflicts of interest.  According to the Plaintiff, Mr. Fleming acted contrary to the Plaintiff's best interests in his indirect legal representation of the Plaintiff through Gulf Seas Shrimp, Inc.  Mr. Fleming allegedly used insider information against the Plaintiff and caused Gulf Seas Shrimp, Inc. to funnel funds to corporations controlled by Walter Zimmerman and Harley Londrie instead of paying off the debt owed to Texas Commerce Bank – the debt which was secured by the Plaintiff's shrimping boats.  Mr. Fleming's actions allegedly caused the Plaintiff's corporations to file for bankruptcy after the debt secured by their assets came due.

The Plaintiff sued the Defendant in state court in February of 1997, and the Defendant removed the lawsuit to the United States Bankruptcy Court for the Southern District of Texas based on both federal question and bankruptcy jurisdiction.  The adversary proceeding was first assigned to United States Bankruptcy Judge Richard S. Schmidt, but after he recused himself in July of 1999, the case was reassigned to Judge Leal.  The Plaintiff filed a motion to remand in November of 1998 alleging that

2

the bankruptcy court lacked jurisdiction, and, in the alternative, that equitable remand was warranted pursuant to 28 U.S.C. § 1452(b). A hearing was held before Judge Leal on the motion to remand on July 29, 1999, and an order remanding the case was signed on February 18, 2000 [Dkt. No. 5, Exh. 19]. The order does not make specific findings of fact or state the grounds upon which Judge Leal decided to remand the lawsuit. Judge Leal denied the Defendant's motion to reconsider on April 24, 2000.

## II.    Standard of review

A bankruptcy appeal to a district court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2) (2000). Since Judge Leal did not make findings of fact or state a specific reason for why he remanded this case in his order of February 18, 2000, or during the hearing he held on the motion to remand, this Court must conduct a *de novo* review of the relevant facts and law. See United States v. Vega, 221 F.3d 789, 795 (5th Cir. 2000); Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380, 1384-85 (5th Cir. 1989); Weaver v. Aquila Energy Marketing Corp., 196 B.R. 945, 953-54 (S.D. Tex. 1996); In re Patterson, 190 B.R. 84, 85 (S.D. Tex. 1985). When reviewing an order *de novo* the Court "may affirm on any grounds supported by the record." McGruder v. Will, 204 F.3d 220, 222 (5th Cir. 2000). See Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 804 (5th Cir. 1997); Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1145 (5th Cir. 1993).

## III.    The bankruptcy court had jurisdiction over the Plaintiff's lawsuit pursuant to 28 U.S.C. § 1334(b)

The Plaintiff and Defendant disagree as to whether there is federal bankruptcy jurisdiction over this case. The Plaintiff argues that remand was proper because the bankruptcy court had no jurisdiction over his lawsuit, and the Defendant argues that remand was improper because the bankruptcy court had either exclusive, "arising in," or "related to" jurisdiction under 28 U.S.C. § 1334. The Court finds that the bankruptcy

3

CISPDF - www.fenxiu.com

court did not have exclusive jurisdiction; however, the Defendant correctly argues that the court possessed either "related to" or "arising in" jurisdiction under 28 U.S.C. § 1334(b).

The bankruptcy court did not have exclusive jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1334(d) and 28 U.S.C. § 157(b)(2)(A) and (E) because the case does not involve a dispute over what constitutes property of the bankrupt entities' estates. See In re Duval County Ranch Co., 167 B.R. 848, 849 (Bankr. S.D. Tex. 1994). Section 1334(d) states, "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."[1] There is a separate declaratory judgment lawsuit pending before the bankruptcy court that seeks a determination that the Plaintiff's claims in this malpractice case actually belong to the debtors. The bankruptcy court clearly has exclusive jurisdiction over that lawsuit. The pending declaratory judgment action highlights the fact that the Plaintiff's lawsuit does not involve a dispute over whether property belongs to the debtors. If the Plaintiff's lawsuit involved such a dispute, there would be no need for a separate lawsuit seeking a declaratory judgment. Moreover, there is no inherent conflict between these two proceedings. The state court can liquidate the Plaintiff's claims in this lawsuit, and the bankruptcy court can independently decide whether those claims belong to the debtors' estates through the declaratory judgment action.

While the bankruptcy court does not have exclusive jurisdiction over this lawsuit, it does arguably fall within the broad jurisdictional net set by 28 U.S.C. § 1334(b). Section 1334(b) provides bankruptcy courts with jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." A lawsuit is related to a Chapter 11 bankruptcy when it could conceivably affect a bankrupt's estate. See In re Canion, 196 F.3d 579, 585-87 (5th Cir. 1999); In re Celotex Corp., 124 F.3d 619,

---

[1] What constitutes property of the estate in a Chapter 11 bankruptcy is determined through 11 U.S.C. § 541, which looks to state law. See Foothill Capital Corp. v. Clare's Food Market, Inc. (In re Coupon Clearing Service, Inc.), 113 F.3d 1091, 1099 (9th Cir. 1997); In re Foxmeyer Corp., 230 B.R. 791, 796 (Bankr. N.D. Tex. 1998).

4

628 (4th Cir. 1997); In re Querner, 7 F.3d 1199, 1201 (5th Cir. 1993); In re Wood, 825 F.2d 90, 93 (5th Cir.1987); Blakeley v. United Cable System, 105 F.Supp.2d 574, 580 (S.D. Miss. 2000). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir.1984). Since this lawsuit involves events that directly led to the filing of bankruptcy and the Plaintiff is the owner of the debtor corporations, this lawsuit is plausibly "related to" the bankruptcy proceeding, as that term has been defined in the context of § 1334(b).

The bankruptcy court may also have "arising in" jurisdiction because at least some of the alleged actionable conduct occurred after the debtor corporations filed for bankruptcy and during the course of the bankruptcy proceeding. A case "arises in" Title 11 for purposes of § 1334(b) where it is not based on any right expressly created by Title 11, but nevertheless "would have no existence outside the bankruptcy." Wood v. Wood, 825 F.2d 90, 97 (5th Cir.1987). Matters falling within "arising in" jurisdiction "must at the very least be of a sort that could not have occurred but for the bankruptcy." In re Simmons, 205 B.R. 834, 840 (W.D. Tex. 1997). Several courts have held that malpractice claims that arise due to an individual's actions within a bankruptcy proceeding, "arise in" the bankruptcy proceeding. See In re Simmons, 205 B.R. at 841; In re Murphy, 213 B.R. 813, 816-17 (Bankr. S.D. Miss. 1987). However, grounds for "arising in" jurisdiction are weak in this case because virtually all of the conduct upon which the Plaintiff bases his lawsuit occurred before the debtor corporations filed for bankruptcy and would exist even if they had not filed for bankruptcy.

In conclusion, the Court finds that the bankruptcy court did have jurisdiction over this case. While this lawsuit is on the outer edge of bankruptcy jurisdiction, legislative history indicates that "related to" and "arising in" jurisdiction should be broadly interpreted to include all possible grants of jurisdiction. See S.Rep. No. 989, 95th Cong., 2d Sess., 153 (1978). The fact that this lawsuit falls within a jurisdictional gray

5

area is one of the many factors to be considered in deciding whether the bankruptcy court could properly use its discretion to remand this case pursuant to 28 U.S.C. § 1452(b).

IV.   **The bankruptcy court could properly remand this case to state court pursuant to 28 U.S.C. § 1452(b)**

The bankruptcy court could properly remand this case under the equitable principles developed in connection with 28 U.S.C. § 1452(b).  The Defendant argues that this Court cannot affirm Judge Leal's ruling based § 1452(b) because the Plaintiff waived the right to request equitable remand.  The Defendant asserts that the Plaintiff waived the argument by failing to include it in his appellate brief and waiting months before filing his motion to remand in bankruptcy court. The Court finds that the Defendant's waiver arguments are not well-grounded; however, the period of time in which the Plaintiff's lawsuit was pending in bankruptcy court before the Plaintiff sought remand is one of many equitable factors to be considered in deciding whether remand was proper.

The Plaintiff did not waive the argument that the bankruptcy court properly remanded based on equity by failing to include it in his appellate brief.  As explained supra in Section II of this order, this Court "may affirm on any grounds supported by the record."  McGruder, 204 F.3d at 222.  Since the Plaintiff argued that equitable remand was proper before the bankruptcy court [Dkt. No. 5, Exh. 3], this Court can consider equitable remand on appeal. The Defendant seems to confuse the ability of an appellant to waive an argument by not including it in an appellate brief with a court's consideration of the arguments of an appellee.  An appellant can forfeit an argument if it was not presented to the court below or if it was not raised in his appellate brief.  See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994);  Quenzer v. U.S. (In re Quenzer), 19 F.3d 163, 165 (5th Cir.1993).  That rule, in contrast, does not apply to appellees.

The Defendant's second waiver argument is that the Plaintiff waived all grounds for remand, except subject matter jurisdiction, by failing to file a motion within thirty days

6

CutePDF - www.fasoo.com

of removal. Title 28, United States Code, Section 1447(c) states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The United States Supreme Court has held that § 1447 applies to cases removed to bankruptcy court. See Things Remembered v. Petrarca, 516 U.S. 124, 129 (1995). However, the United States Supreme Court did not address whether equitable remand falls under the thirty day bar of § 1447 in Things Remembered, and courts have held that it does not. See e.g. In re Hotel Mt. Lassen, 207 B.R. 935, 939 (E.D. Cal. 1997).

Title 28, United States Code, Section 1452(b) states that "[t]he [bankruptcy] court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Section 1452(b) is broad in scope and allows for remand on any equitable ground. See In re Branded Products, Inc., 154 B.R. 936, 946 (Bankr. W.D. Tex.1993) (abrogated on other grounds by In re Southmark Corp., 163 F.3d 925 (5th Cir. 1999)). The equitable principles upon which a case may be remanded to state court have been developed through Browning v. Navarro and its progeny. See 743 F.2d 1069, 1076 n. 21 (5th Cir. 1984).[2] In Browning, the Fifth Circuit provided a non-exclusive list of equitable factors that should be considered in deciding whether remand is appropriate. See id. at 1077. The factors that apply to the facts of this case are: (1) whether the state court is better able to respond to questions involving state law; (2) the expertise of the respective courts; (3) the effect of remand on the economic use of judicial resources in the two forums; (4) prejudice to the involuntarily

---

[2] See e.g. Kim Susan, Inc. v. Service Marine Indus., Inc., 1999 WL 689989, *3 (E.D. La. 1999); Allen v. City Finance Co., 224 B.R. 347, 353 (S.D. Miss. 1998); KSJ Development Co. of Louisiana v. Lambert, 223 B.R. 677, 680 (E.D. La. 1998); Hills v. Hernandez, 1998 WL 241518, * 2 (E.D. La. 1998); In re Simmons, 205 B.R. 834, 848 (Bankr. W.D. Tex. 1997); In re Olympia Holding Corp., 215 B.R. 254, 256-57 (Bankr. M.D. Fla. 1997); Massey v. Genco, 1997 WL 61449, at *3 (E.D. La.1997); McCratic v. Bristol-Myers Squibb and Co., 183 B.R. 113, 115 (N.D. Tex. 1995); In re Branded Products, Inc., 154 B.R. at 946-51; Da Silva v. American Savings, 145 B.R. 9, 12 (S.D. Tex. 1992); O'Rourke v. Cairns, 129 B.R. 87, 91 (E.D. La.1991); In re Engra, Inc., 86 B.R. 890, 895 (S.D. Tex.1988).

7

removed parties; (5) comity considerations; (6) the possibility of inconsistent results; and, (7) the effect of remand on the administration of the bankruptcy estate.  See id.  A thorough review of these factors indicate that the bankruptcy court properly remanded this case to state court.

The Plaintiff's legal malpractice lawsuit is clearly premised solely on Texas law. The Defendant, however, contends that there is federal question jurisdiction because the Plaintiff's lawsuit is a collateral attack on the *res judicata* effect of bankruptcy court orders [Dkt. No. 5, Exhs. 2 and 4].[3]  The Court finds that while individual prior findings of the bankruptcy court may be binding in the Plaintiff's lawsuit, there is no independent federal question jurisdiction under the well-pleaded complaint rule.  The Defendant impermissibly bases his argument that there is federal question jurisdiction on an affirmative defense.  See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 478 (1998).  Moreover, a state court can resolve any preclusion issues under Texas law.

While the fact that the Plaintiff's lawsuit is based on state law does not, in and of itself, require a court to remand the action, "[f]ederal courts are hesitant to absorb the state courts' jurisdiction, especially when the claims are at best tangential to the bankruptcy." Da Silva, 145 B.R. at 12.  See McCratic, 183 B.R. at 115.  Principles of comity, including respect for a state court's competency to conduct proceedings and the distribution of power between state and federal courts, are central to ordering an equitable remand. See e.g. Kim Susan, Inc., 1999 WL 689989, *3; KSJ Development Co. of La., 223 B.R. at 680; O'Rourke, 129 B.R. at 91.  This Court found that the Plaintiff's case lies within the outer limits of bankruptcy jurisdiction in Section III of this order.  The tangential relationship between the Plaintiff's lawsuit and the pending bankruptcy proceeding supports the proposition that a bankruptcy court should defer to the greater expertise of state courts in handling legal malpractice litigation.  See In re Olympia Holding Corp., 215 B.R. at 256-57.

---

[3] "Under the United States Supreme Court's decision in Things Remembered, Inc. v. Petrarca, . . ., the removal of a bankruptcy case may be effected under either § 1441 or § 1452." Sharp Elecs. Corp. v. Deutsche Fin. Servs. Corp., 222 B.R. 259, 261 (Bankr. D. Md. 1998).

8

CutePDF - www.4sma.com

Remanding this lawsuit will not cause duplicative litigation in two courts or a real danger of inconsistent results. Since this case is only tangentially related to the pending bankruptcy cases, there will be little duplication of effort in moving forward in two different arenas. Moreover, if this case had remained in bankruptcy court, different judges – Judge Leal and Judge Schmidt – would have presided over this case and the bankruptcy litigation. There is no significant danger of inconsistent results because, under principles of comity, this Court must respect the state court's ability to decide any issues of *res judicata* or claim preclusion that may arise.

The Defendant's most compelling argument is that remand was improper because the Plaintiff waited over a year before filing a motion to remand. While there is no time limit for remanding a case pursuant to § 1452(b), waiting too long is an equitable consideration that weighs against remand. See In re Hotel Mt. Lassen, 207 B.R. at 939; 1 COLLIER ON BANKRUPTCY ¶ 3.07[5]. However, this factor is not determinative, and must be weighed against other factors that indicate that remand is warranted. The Court finds that the equitable considerations favoring remand outweigh the Plaintiff's delay in requesting relief.

## V.    **Conclusion**

In summary, after a *de novo* review of the appellate record and the relevant legal principles, the Court **AFFIRMS** Judge Leal's order remanding this lawsuit to state court. While the bankruptcy court had jurisdiction over this lawsuit, Judge Leal's order remanding this case was proper under 28 U.S.C. § 1452(b).

DONE, at Brownsville, Texas, this ____ day of November 2000.

_____
Hilda G. Tagle
United States District Judge

9